Filed 6/1/26  P. v. Patterson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

|  |  |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>v.<br><br>ROYCE DAVID PATTERSON,<br>        Defendant and Appellant. | C103910<br><br>(Super. Ct. No. 22CF05215) |

Appointed counsel for defendant Royce David Patterson asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

## BACKGROUND

In October 2022, the People charged defendant with failure to appear.  (Pen. Code, § 1320, subd. (b).)[1]  The complaint further alleged that defendant committed the offense when he was out on bail.  (§ 12022.1.)  At the time the People filed the complaint defendant had three other cases pending, none of which are subject to this appeal.

---

[1]  Undesignated statutory references are to the Penal Code.

1

Defendant pled no contest to the failure to appear charge. The trial court dismissed the on-bail allegation and the three other pending cases pursuant to the plea agreement.

The trial court suspended imposition of defendant's sentence and placed him on two years of probation. The trial court imposed a $40 court operations assessment (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), a $300 restitution fine (§ 1202.4), and stayed a $300 probation revocation fine (§ 1202.44). The court awarded defendant 93 days of custody credit.

In May 2023, the People filed a petition alleging defendant violated probation. Defendant admitted the violation in July 2023. The trial court revoked then reinstated probation and ordered defendant to serve 30 days in jail.

In November 2023, the People filed a petition alleging defendant again violated probation. The same month, defendant admitted the violation. The trial court revoked then reinstated probation and ordered defendant to serve 60 days in jail.

In January 2024, the People filed another petition alleging defendant violated probation. In January 2025, defendant admitted the violation. The trial court terminated probation and sentenced defendant to the middle term of two years in county jail. The court ordered defendant to pay the previously stayed $300 probation revocation fine and awarded him 248 days of custody credit.

Defendant filed a timely notice of appeal. He did not obtain a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting out the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Our independent review of the record revealed no arguable issue that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
ROBIE, Acting P. J.

/s/
FEINBERG, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.